IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRETT L. HENDERSON,**

    **Petitioner,**

  v.                                   Case No. 2:05-cv-358
                                            Crim. No. 2:97-cr-00098
                                            JUDGE SMITH
**UNITED STATES OF AMERICA,**              MAGISTRATE JUDGE KING

    **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings the instant motion to vacate, set aside, or correct his sentence pursuant to §28 U.S.C. §2255. This action is before the Court on its own motion to consider the sufficiency of the petition under Rule 4(b) of the Rules Governing Section 2255 Proceedings. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as untimely.

### I. PROCEDURAL HISTORY

On October 9, 1997, petitioner was charged in a 49-count superseding indictment, along with thirty-four co-defendants, with conspiracy to import over five hundred grams of cocaine, conspiracy to distribute and possess with intent to distribute marijuana and over five hundred grams of cocaine, five counts of importation of over five hundred grams of cocaine, and three counts of attempt to import over five hundred grams of cocaine. Pursuant to a plea agreement signed on December 22, 1997, on August 27, 1998, petitioner pleaded guilty to conspiracy to import over five hundred grams of cocaine; the remainder of the charges against him were dismissed. *See* Doc. Nos. 133, 282. Petitioner was sentenced to 140 months incarceration plus five years supervised release. Doc. No.

133. Petitioner filed a timely appeal of his conviction and sentence in which he raised the following claims:

> 1. The district court abused its discretion when it denied petitioner's motion for a downward departure.
>
> 2. The district court erred when it assessed three criminal history points for a 1990 robbery conviction.
>
> 3. The district court erred when it assessed three criminal history points for serving over one year and one month in prison for robbery.

*See United States v. Henderson*, 209 F.3d 614 (6th Cir. 2000). On March 23, 2000, petitioner's conviction and sentence was affirmed by the United States Court of Appeals for the Sixth Circuit. *Id.*

On April 7, 2005, petitioner filed the instant *pro se* motion to vacate, set aside, or correct his sentence pursuant to §2255. In this federal habeas corpus petition, petitioner asserts that the government violated terms of the plea agreement, and that his sentence violates the United States Supreme Court's decisions in *United States v. Booker*, 125 S.Ct. 738 (2005) and *Blakely v. Washington*, 124 S.Ct. 2531 (2004).

## II. STATUTE OF LIMITATIONS

28 U.S.C. §2255 provides for a one-year time limitations on the filing of federal habeas corpus petitions:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

Here, petitioner's judgment of conviction became final on June 21, 2000, when the time period expired to file a petition for a writ of *certiorari* to the United States Supreme Court. *Clay v. United States,* 537 U.S. 522, 523 (2003). Petitioner waited almost five years after this date, until April 7, 2005,[1] to file this action. Further, petitioner fails to allege any extraordinary circumstances that would justify equitable tolling of the statute of limitations during this time. *See Jurado v. Burt*, 337 F.3d 638, 643 (2003).

Petitioner nonetheless argues that this action is timely because he was unable to earlier discover the factual basis for his claims under 28 U.S.C. §2255(4); however, the basis for petitioner's claim that the government breached terms of the plea agreement would have been known at the time of petitioner's guilty plea. Further, to the extent that petitioner argues that this action is timely under 28 U.S.C. §2255(3), because the United States Supreme Court did not issue the decisions in *Booker* or *Blakely* until recently, the United States Court of Appeals for Sixth Circuit has held that the Supreme Court's decisions in *Booker* and *Blakely* are not retroactively applicable to cases on collateral review. *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir. 2005).

---

[1] Petitioner signed the motion on April 4, 2005.

## III.

In view of all of the foregoing, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as untimely.

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED**.


April 14, 2005                                                                       *s/Norah McCann King*
                                                                                              Norah McCann King
                                                                                     United States Magistrate Judge